IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BARRON and VANESSA NATHANIEL**                                           **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:15-cv-105-KS-MTP**

**KROGER LIMITED PARTNERSHIP I**                                    **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Defendant's Second Motion to Compel Independent Medical Examination [33]. Having considered the parties' submissions and the applicable law, the Court finds that the Motion [33] should be granted.

This action arises from Plaintiff's allegations that Plaintiff Barron Nathaniel ("Nathaniel") tripped and fell at a store operated by Defendant. According to Plaintiffs, this accident occurred as a result of Defendant's negligence and caused Nathaniel to suffer "severe, permanent injuries, including without limitation knee and abdominal injuries . . . ." *See* Complaint [1-1] at 4. In its Answer [2], Defendant denies any wrongdoing and asserts the defense of "pre-existing disease, handicap, or lesions, or any other condition involving the Plaintiff." *See* [2] at 2, 6.

On June 10, 2016, Defendant filed the instant Motion [33], requesting that the Court order Nathaniel to appear for an independent medical examination at the offices of David Gandy, M.D., Jackson Orthopaedic Clinic. According to Defendant, Dr. Gandy will review Nathaniel's medical records, take a history from Nathaniel, and conduct an examination of his right and left knees. Defendant asserts that Dr. Gandy will conduct his examination pursuant to the *Guides to the Evaluation of Permanent Impairment–6th Edition*.

1

Federal Rule of Civil Procedure 35(a) provides as follows:

(1) *In General*. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitable licenced or certified examiner. The Court has the same authority to order a party produce for examination a person who is in its custody or under its legal control.

(2) *Motion and Notice; Contents of the Order*. The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). Accordingly, a court may order an independent medical examination ("IME") when a party's medical condition is in controversy and good cause for the examination has been established. "The decision as to whether or not to order an independent medical examination under F.R.C.P. 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Caca-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958)); *see also Hardy v. Riser*, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970). Additionally, Rule 35(a) is generally construed liberally in favor of granting discovery. *See Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 n.1 (N.D. Tex. 1996).

Plaintiffs argue that Defendant has failed to show good cause for an IME. "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v.Holder*, 379 U.S. 104, 106 (1964). In *Schlagenhauf*, however, the United States Supreme Court stated that "[a] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination of such asserted injury." *Id*. at 119.

In this action, Plaintiffs assert that Defendant's negligent actions caused injury to

Nathaniel's knees.  Defendant disputes the cause of Nathaniel's alleged knee injuries.  These facts supply the Court with good cause to order an IME.  Plaintiffs argue that Defendant could obtain information regarding Nathaniel's knee injuries through other sources, such as his treating physicians.  However, [w]hile the probability of obtaining the information through other sources is pertinent to the 'good cause' inquiry, . . . a plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available." *Ornelas v. Souther Tire Mart, LLC*, 292 F.R.D. 388, 391-92 (S.D. Tex. 2013) (citations omitted).

Plaintiffs argue that Defendant has failed to provide sufficient details regarding the manner, condition, and scope of the examination.  The Court, however, finds that the details provided by Defendant–Dr. Gandy will review Barron Nathaniel's medical records, take a history from Barron Nathaniel, and will conduct an examination of his right and left knees pursuant to the *Guides to the Evaluation of Permanent Impairment–6th Edition–*are sufficient in this action.

Plaintiffs also argue that the examination would constitute an *ex parte* contact with Nathaniel.  However, an examination under Rule 35 is independent. *See Ewing v. Ayres Corp.*, 129 F.R.D. 137, 138 (N.D. Miss. 1989) ("the independence of the Rule 35 examining physician should be preserved at all times.  Any contact by counsel for either party that even gives the appearance of tainting the independence of the physician cannot be sanctioned.") *see also Terry v. Promise Hosp. Of Ascension, Inc.*, 2014 WL 1239397, at * 3 (M.D. La. March 25, 2014) ("Courts generally will not permit observers at a physical or mental examination under Rule 35 of the Federal Rules of Civil Procedure.")

IT IS, THEREFORE, ORDERED that:

1. Defendant's Second Motion to Compel Independent Medical Examination [33] is GRANTED,

2. Plaintiff Barron Nathaniel shall submit to an independent examination by Dr. David Gandy, and

3. The parties shall promptly confer in good faith to schedule the examination.

SO ORDERED this the 28th day of June, 2016.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge